**SO ORDERED.**

**DONE and SIGNED March 27, 2015.**



_____
JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUSISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Thomas Gordon McDonald | § | Case Number: 14-11740 |
| Paula Ann Neville | § | |
| Debtors | § | Chapter 13 |

## ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN

This matter is before the Court on the confirmation of the debtor's Amended Chapter 13 Plan (Docket No. 27). The Court held a hearing on March 25, 2015. The following are the Court's findings of fact and conclusions of law.

The debtors are a below median income family of three. The plan originally came before the Court without hearing on a recommendation of confirmation by the Chapter 13 Trustee. The Court denied the form of order submitted by the Trustee confirming the plan based on the debtors' retention of a 2012 Polaris Sportsman 500 HO, which is more generally described as a motorized four wheeler.

The debtors' proposed plan calls for payments of $1,206.26 previously paid in the first five months of the plan, $226.16 for month five and then $967.00 per month for months six to sixty. The debtors have paid a total of $3,442.33 to the Chapter 13 Trustee over the first eight months of the plan, which is an average payment of $430.29 per month. There is currently a wage order in effect of $967.00 per month (Docket No. 34).

The debtors' plan proposes to pay via the Chapter 13 plan the above mentioned four wheeler, a conduit mortgage payment of $603.38 per month, liens on various household goods as well as home mortgage arrears. The plan additionally calls for the debtor to directly pay for a 2012 Nissan Frontier and for two other secured debts to be paid direct by co-debtors. These co-debtor paid assets include a 2012 Chevrolet Impala and a 2007 Yamaha Grizzly. In addition, the debtor owns an unencumbered 2003 Pontiac Sunfire.

The sole issue before the Court is whether the debtors' payment and retention of a encumbered four wheeler violate the confirmation standard of 11 U.S.C. § 1325(a)(3), also known as the "good faith" test.

The Court heard testimony from Thomas McDonald, the debtor in this Chapter 13 case. Mr. McDonald was a generally credible witness, but his recollection on some issues was incorrect. He testified that the four wheeler was purchased in September of 2012. He estimated the purchase price at $6,100.00 and that the purchase was fully financed except for any payment for tax, title or license. Sheffield Financial has filed a proof of claim in the subject case for $4,512.19. The attachments thereto indicate that the amount financed was $6,370.50 and that the date of the loan was October 2, 2012, with an interest rate of 9.99%. The proof of claim also indicates that the four wheeler is a 2013 Polaris A12MF50AQ. In addition, Mr. McDonald testified that he did not have an entertainment budget, but later contradicted himself when he testified that the pays $230.00 per year for a deer lease, which is not reflected in his budget, either as an entertainment expense or otherwise. In the Court's opinion, these are minor errors and omissions and do not seriously affect the Court's judgment of the credibility of the witness.

The debtor testified that the four wheeler is used primarily for hunting, but that he had used it for his job as well. Mr. McDonald works for the City of Shreveport as an operator at a waste water facility.

He testified he used the four wheeler at work when it became so wet and/or flooded that the truck provided by the city was insufficient, and that without the four wheeler he would be forced to walk in very muddy or flooded roadways to reach pumps he was required to service. He also testified that the city does not reimburse him for this use of his four wheeler, and that he uses the four wheeler as a convenience and that without it he may be forced to walk up to 300 yards in very muddy or flooded situations to service pumps where his work truck would otherwise become stuck. He additionally stated that the City has provided four wheelers for use on his job in the past, but does not currently provide one. He further testified that the four wheeler is not necessary for his employment. His estimation was that he had used the four wheeler on his job for 21 days during 2015.

Mr. McDonald further testified that the majority of the four wheeler use was for hunting. He specifically mentioned deer hunting and that he would use the vehicle to retrieve deer he had shot and that this supplemented his food budget.

His further testimony was that he and his wife were forced to file bankruptcy due to his wife being out of work for two and a half months due to fibroid tumors and that she was unpaid during this time. He stated his wife's interruption in income was the primary cause of his filing a bankruptcy.

The Chapter 13 Trustee did not object to confirmation, but participated at the hearing and argued that the expense for the four wheeler was not "reasonably necessary to be expended." She argued that the loss of the four wheeler would create inconvenience and perhaps discomfort for the debtors, but they would otherwise not be affected.

Counsel for the debtors argued that they had met all of the standards for confirmation. He argued that based on a totality of the circumstances, the plan was proposed in good faith and should be confirmed.

In an effort to reduce § 1325(a)(3) to a concrete test, many courts have set forth factors in considering good faith. The number of factors in the reported cases vary. Most often cited are the twelve factors used by the U.S. Court of Appeals for the Eighth Circuit in *United States v. Estus (In re Estus)*, 695 F.2d 311 (8th Cir. 1982), or the ten factors used by the U.S. Court of Appeals for the Eleventh Circuit in

*Kitchens v. Georgia Railroad Bank & Trust Co. (In re Kitchens)*, 702F.2d 885 (11th Cir. 1983). Allowing for consolidation, the good-faith factors from the reported decisions can be summarized as follows:

1. Frequency of filing bankruptcy;
2. Accuracy of petition, schedules, statement and testimony;
3. Burden of administration;
4. Motivation and sincerity in filing Chapter 13, including the following:
    a. Prepetition conduct and misconduct;
    b. Debt non-dischargeable in Chapter 13 or Chapter 7 case;
    c. Timing of petition to interrupt other events;
    d. Nature and extent of financial problems;
5. Degree of effort, including the following:
    a. Duration of plan;
    b. Percentage repayment of debt;
    c. Income, expenses, lifestyle and luxuries.

Of these twelve factors, all but three favor the debtors. The three that do not are:

1. *Accuracy of the petition, schedules, statement and testimony*. The debtor has made small errors in the budget and schedules. His testimony indicates he has a deer lease and that he pays $230.00 per year in lease payments. Both the lease and the lease payments are not in the schedules. The lease is not disclosed in Schedule B, Schedule G or Schedule J. In addition, the debtor testified that he did not have an entertainment budget except for hunting. No line item exists in the budget for entertainment, yet the debtor testified he pays a yearly lease payment. In addition, deer hunting is not a totally free activity as there must be other costs, albeit perhaps minor, associated with hunting. At a minimum, the debtor must be buying ammunition, gas for transportation and the like. The schedules are therefore deficient.

2. *Percentage repayment of debt*. The debtors' plan proposes a $1000.00 distribution to unsecured creditors. As scheduled, unsecured creditors will receive a proposed dividend of less than 3% (based on scheduled unsecured claims) while the secured lender on the four wheeler is receiving payments totaling $5,265.00. In effect, the plan proposes to pay 500% more to the creditor secured by the four wheeler than to all unsecured creditors.

3. *Income, expense, lifestyle and luxuries*. The four wheeler is not reasonable and necessary for the debtor. While it has utility and does not fall into the same category as a motor boat or motorhome, it is a luxury item. The debtor's job is not affected by not having a four wheeler, and if a four wheeler is in fact

needed for the debtor's job, then the city and not the debtor should be providing the same. While hunting for deer may be harder without a four wheeler, it still is not dependent on the operation or ownership of a four wheeler.

The analysis of good faith does not stop at the previously enumerated twelve factors. The Court adopts the holding in *In re Konowicz*, 470 B.R. 725, 730 (Bankr. D.N.J. 2012), that good faith is an independent basis to consider economic components, notwithstanding compliance with the disposable income test. Quoting it's holding in *In re Amos*, 452 B.R. 886, 893 (Bankr. D.N.J. (2011), that court stated it "agrees with those decisions holding that § 1325(a)(3)'s good faith test is an independent authority for examining economic components of a proposed plan, even where the disposable income test is satisfied." *Id*. More importantly, given the ruling in *United Student Aid Funds, Inc. v. Espinoza*, 559 U.S. 260 (2010), this Court has an independent duty to review all Chapter 13 plans. One of the important holdings in that case was "whether or not an objection is presently lodged in this case, the Court retains the authority to review this plan and deny confirmation if it fails to comply with the confirmation standards of the Code". *Id*.

Notwithstanding compliance with the disposable income test, examining good faith with regard to expenses drags the bankruptcy court into approving or disapproving of the debtor's lifestyle. Therefore, the Court sets forth four additional judicially sanctioned guidelines designed to protect the integrity of the Chapter 13 system.

1. **If there is a general rule, "reasonably necessary" means adequate but not first-class.** *See In re Easley*, 72 B.R. 948 (Bankr. M.D. Tenn. 1987); *In re Kitson*, 65 B.R. 615 (Bankr. E.D.N.C. 1986); *In re Tinneberg*, 59 B.R. 634 (Bankr. E.D.N.Y. 1986).

2. **Luxuries are excluded**. *See In re Tinneberg*, 59 B.R. 634 (Bankr. E.D.N.Y. 1986). *In re MacDonald*, 222 B.R. 69, 77 (Bankr. E.D. Pa. 1998) *In re Zaleski*, 216 B.R. 425, 432 (Bankr. D.N.D. 1997); *In re Cardillo*, 170 B.R. 490, 491 (Bankr. D.N.H. 1994).

3. **A convenience is not the same as a necessity**. *See In re Walsh*, 224 B.R. 231 (Bankr. M.D. Ga. 1998).

4. **There is a sacrifice quotient in Chapter 13 cases.** Debtors who make the extra effort to provide a few more percentage points for the unsecured creditors are more likely to survive a good-faith review. *See, e.g., In re Wilcox*, 251 B.R. 59, 68 (Bankr. E.D. Ark. 2000).

Therefore, the Court holds that, in addition to the three factors already noted, the following factors do not support a finding of "good faith" by the debtor:

1. The debtor is still able to work and hunt without the four wheeler. The debtors' lifestyle would still be adequate.

2. The four wheeler is a luxury and luxuries should be excluded from Chapter 13 plans.

3. The four wheeler is a convenience, not a necessity, and should therefore be excluded from the Chapter 13 plan.

4. The debtors' proposal to pay only $1,000.00 to unsecured creditors, yet over $5,000.00 for the four wheeler, does not show any sacrifice quotient that would lead the Court to a good faith finding.

Accordingly, the Court holds that payment for a luxury item, with little or no payment to unsecured creditors, violates the good faith test in 11 U.S.C. § 1325(a)(3). *See generally In re Cordle*, 2009 Bankr. LEXIS 699 (Bankr. D. Neb. 2009) (Paying creditors secured by motorboat and travel trailer in full while paying little to unsecured creditors violates good-faith test in § 1325(a)(3)).

**IT IS THEREFORE ORDERED** that confirmation of the Amended Chapter 13 Plan at docket #27 is denied.

**IT IS FURTHER ORDERED** that the debtors file an amended plan within 14 days of this order. If an amended plan is not filed within 14 days of the entry of this order, the Chapter 13 Trustee may upload an ex parte motion and order of dismissal.

###